**SO ORDERED.**

**SIGNED this 17 day of January, 2007.**



*Dale L. Somers*
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In Re:** | |
| **FRANK WARREN GLEASON,** | CASE NO. 05-27126 |
|                  **DEBTOR.** | CHAPTER 7 |
| **CARROLL COUNTY TRUST COMPANY,** | |
|                  **PLAINTIFF,** | |
| v. | ADV. NO. 06-06041 |
| **FRANK WARREN GLEASON,** | |
|                  **DEFENDANT.** | |

**MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR SANCTIONS
AND EXTENSION OF TIME TO COMPLETE DISCOVERY AND
DISPOSITIVE MOTIONS**

The matter before the Court is the motion of Plaintiff, Carroll County Trust Company (hereafter "Plaintiff"), for sanctions and extension of time to complete discovery and dispositve motions (hereafter "Motion"). Plaintiff appears by Juliann W. Graves, Martin, Pringle, Oliver, Wallace & Bauer, LLP. Defendant, Frank Warren Gleason (hereafter "Debtor"), appears by Mark Allen Roy, Debt Relief Center, PC. Following hearing at which Debtor testified, the Court took the matter under advisement and is now ready to rule. For the reasons stated below, the previously entered deadlines are set aside, but no sanctions are ordered at this time.

This is an adversary proceeding objecting to the Debtor's discharge of debt due Plaintiff pursuant to § 523(a)(6),[1] for willful and malicious injury to property of another. The complaint alleges that pre-petition Debtor was the sole owner and operator of Home Town Convenience, Inc. (hereafter "Home Town"), and that Debtor was co-maker with Home Town of a note to Plaintiff secured by Home Town's assets, including inventory and equipment. It is further alleged that in August 2005, when indebted to Plaintiff in excess of $39,000, Debtor kept the proceeds of a discount sale of Home Town's inventory valued at approximately $30,000 and abandoned the remainder of the inventory valued at $75,000. Plaintiff contends this action constitutes willful and malicious injury of its collateral such that discharge of Debtor's debt to Plaintiff should be denied.

The history of discovery by Plaintiff is as follows. The Court adopted the report of the parties' planning meeting, which provided that all pretrial discovery would be completed by

---

[1] 11 U.S.C. § 523(a)(6). This case was filed before October 17, 2005, when most provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 become effective. All statutory references to the Bankruptcy Code are to 11 U.S.C. §§ 101 - 1330 (2004), unless otherwise specified. All references to the Federal Rules of Bankruptcy Procedure are to Fed. R. Bankr. P. (2004), unless otherwise specified.

2

August 15, 2006. Plaintiff scheduled a 2004 examination of Debtor by agreement for July 12, 2006. The Notice of Deposition Duces Tecum for the 2004 examination requested 13 categories of documents identified in an attached Schedule A relating primarily to the operation of Home Town. On July 10, 2006, counsel for Debtor informed Plaintiff's counsel that July 12 would not work and tentatively rescheduled the examination for July 19. On July 17, Debtor's counsel by e-mail informed Plaintiff's counsel that he had not heard form his client, and the examination would need to be rescheduled. Plaintiff's counsel attempts to reschedule were not successful, and on August 10, 2006, she filed a motion for order for 2004 examination and for extensions of deadlines. The motion was unopposed, and the Court ordered the Debtor to appear for the 2004 examination and to produce the requested documents on September 20, 2006. The discovery deadline was extended to October 1, 2006, and the deadline to file dispositive motions was extended to October 15, 2006.

Debtor appeared at the scheduled time, but he brought only one document, a page from a bank statement. As to the remaining document requests, Debtor testified generally that he had filed no tax returns since 2002 and the 2002 tax return, as well as the other business records, were either in the possession of one of two accountants whose names he did not remember or had been left in the Home Town store when he was locked out by the landlord, who had subsequently sold the store. Debtor's counsel agreed to provide the identities of the accountants and the records in their possession within 10 days. Information about one accountant and a copy of one 2003 federal tax return was subsequently provided, but Debtor did not provide the other documents he thought were with his accountant and agreed to produce, if they existed, including his 2002 tax returns; any Home Town reports, records and correspondence between Debtor or

3

Home Town and any accountant hired by them since 2002; monthly reports; ledgers of inventory purchases; and payroll records. Debtor also did not produce checking account records which he stated in his examination were available.

On November 12, 2006, Plaintiff filed the Motion now before the Court. Plaintiff prays for sanctions for failure to provide the documents requested in the notice to the 2004 examination pursuant to Bankruptcy Rule 7037,[2] which incorporates Federal Rule 37(b)(2).[3] The Federal Rule provides in relevant part:

> (2) Sanctions by court in which action is pending. If a party . . . fails to obey an order to provide or permit discovery . . . , the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
> \* \* \*
> (C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;
> (D) In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination;

Plaintiff also sought an extension of time to complete discovery and file dispositive motions. Debtor responded by stating he did not oppose extensions of time but sanctions should not be entered because he is in the process of completing his 2004 and 2005 tax returns and "the additional items requested on Schedule A [the attachment to the Notice of Deposition Duces Tecum] were abandoned by Defendant and are in the possession of the new owner of Hometown Convenience." Debtor's testimony at the hearing on the Motion was that he had none of the

---

[2] Fed. R. Bankr. P. 7037.

[3] Fed. R. Civ. P. 37(b)(2).

4

requested items in his possession and that the accountant would have nothing that she had not already produced.

The Court finds that to date Debtor has not satisfactorily participated in the discovery process.  He displays an attitude of indifference and evasiveness which is not appropriate. Plaintiff is entitled to discover materials needed to prove its allegations, and Debtor and his counsel are obligated to cooperate.  In bankruptcy, the failure to keep or preserve any recorded information from which a debtor's business transactions can be ascertained is a serious matter and may serve as a basis to deny discharge[4] or dismiss the bankruptcy case.  Obviously documents which don't exist cannot be produced, but the Court finds no indication that Debtor has seriously attempted to ascertain the whereabouts of the requested documents.  In addition, Debtor stated he had check book records, but they have not been produced.

Although the Court finds Debtor's conduct unsatisfactory and in violation of the order to produce the requested documents, there is no sanction which the Court finds fully satisfactory. An assessment of attorneys fees or costs incurred by Plaintiff against Debtor is warranted in these circumstances, but may be futile.  Nevertheless, Plaintiff's lawyer is directed to submit a properly supported request for fees for the Court's consideration.  There are no portions of the Debtor's pleadings specifically related to the documents that can be stricken.  Since the Court cannot conclude from the evidence presented that Debtor willfully failed to comply with the Court's order that he produce the requested documents in the 2004 examination, grounds for

---

[4] *See* 11 U.S.C. § 727(a)(2)(3) (the court shall grant a debtor a discharge "unless the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information ...from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.")

5

entry of judgment on the complaint do not exist.[5] The Court therefore admonishes Debtor and his counsel to fully cooperate in the discovery process in the future and again orders Debtor to produce all records, within the scope of requests made in the 2004 examination notice, that are in Debtor's possession, custody, or control.

As to the request for extensions of deadlines, the Court at the hearing already ruled that there are no deadlines in place. The Court requests the parties to participate in a second planning conference and provide a second Rule 26(f) report to the Court setting new deadlines.

In conclusion, the Court imposes no sanctions at this time, but directs Plaintiff's lawyer to submit a properly submitted request for fees for the Court's consideration. No deadlines are in place, and a second Rule 26(f) report to the Court shall be submitted.

**IT IS SO ORDERED.**

### 

---

[5] *See Golant v. Levy (In re Golant)*, 239 F.3d 931, 936 (7th Cir. 2001) (when court orders a discovery sanction which effectively terminates a party's ability to prevail on the merits, the court must find that the party against whom the sanctions are imposed displayed willfulness, bad faith or fault).